**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                    )<br>          Plaintiff,                         )<br>                                                    )     No.  CR 10-1093-TUC-CKJ<br>vs.                                             )<br>                                                    )<br>SHAWN DAMON KELLUM,         )     **ORDER**<br>                                                    )<br>          Defendant.                     )<br>_____)| |

Pending before the Court is the government's Motion in Limine Re:  Admissibility of Videotaped Witness Testimony (Doc. 29) and the Defendant's Motion in Limine to Exclude the Testimony of Agent Richard Hill and Request for Daubert Hearing (Doc. 33).

*Motion in Limine Re:  Admissibility of Videotaped Witness Testimony*

The Government seeks to introduce the videotaped testimony of the material witness in this matter at trial, pursuant to 8 U.S.C. § 1324(d).  The Defendant objects to the admission of the video taped witness testimony for several reasons.  First, Defendant asserts that the government cannot establish that the material witness is unavailable.  Material witnesses are "unavailable" for purposes of the Sixth Amendment Confrontation Clause if the government has made a good faith effort to obtain their presence at trial.  *See Barber v. Page*, 390 U.S. 719, 724-25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).  "Good faith" does not require the performance of a futile act.  *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531,

2544, 65 L.Ed.2d 597 (1980), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Furthermore, "[t]he lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness." *Id.* (citations omitted). "Thus, demonstrating unavailability through good faith efforts to procure witnesses is still required after § 1324(d)." *U.S. v. Santos-Pinon*, 146 F.3d 734, 736 (9th Cir. 1998) (rejecting defendant's facial challenge to the constitutionality of 8 U.S.C. § 1324(d)). The government has been in contact with the material witness's appointed counsel regarding her availability for trial. Counsel for the material witness has been unable to reach her by telephone. Additionally, government counsel sent a letter to the material witness's counsel regarding her appearance at trial. The supplemental pleading (Doc. 42) filed by counsel for the government indicates that counsel for the material witness did not send the letter to the material witness because of the timeliness of the letter.

The standard district procedure for a material witness deposition was followed in this case. *See* General Order 05-34. Following the deposition, Defendant objected to the release of the material witness. The proceeding before the magistrate judge was summarized as follows:

> This matter comes before the Court, unscheduled, to hear Mr. Raynor's objection to the release of the material witness after the conclusion of the witness' videotaped deposition. Mr. Raynor makes generalized objections to this district's usual practice of videotaping material witness depositions and asserts the practice violates the Constitution and Federal Rules of Criminal Procedure and interferes with the jury's ability to evaluate the credibility of the witness. Mr. Raynor did not state the specific rule of procedure violated although asked to do so. Mr. Raynor acknowledged that his generalized objections could have been raised and briefed prior to the taking of the deposition.
>
> Mr. Raynor further asserted that the manner in which the deposition was recorded was prejudicial, specifically, that the government controlled the recording equipment and the view of the camera; Mr. Raynor states that the defendant's image was included in the recording. The Court noted that the defendant was not wearing appropriate courtroom attire and suggested that any prejudice from the defendant's appearance could be remedied by filing a motion in limine to edit out that portion of the videotape (or by obtaining the government's consent to such editing). Mr. Raynor acknowledged that he did not object to the method of filming or request that he be permitted to adjust the camera's focus or settings.

Ms. Bowman requests that her client, the material witness, be released and represents that the witness has provided her with an address and phone number in Mexico. AUSA Art Aguilar concurs with the request for release.

The Court GRANTS the release of the material witness.

May 13, 2010 MEO. Defendant did not make a "showing that further detention [was] necessary to prevent a failure of justice." General Order 05-34 ¶ 6. Indeed, the Ninth Circuit has stated that forcing the government to hold witnesses to avoid possible future objections, "would . . . contravene this court's own mandate to release witnesses, even those who will return to a foreign country, absent a showing of 'failure of justice.'" *Santos-Pinon*, 146 F.3d at 737. Additionally, counsel for the government indicated that when he had asked the material witness for an address or telephone number, her attorney objected; therefore, that information was kept solely in the possession of counsel for the material witness. In preparation for trial, counsel for the government sought to contact the material witness through counsel.[1] In light of Defendant's failure to show that the further detention of the material witness was necessary to prevent a failure of justice and that the district standard material witness deposition procedure (including release without such a showing) was followed, the Court finds the government's attempt to procure the material witness' presence at trial was reasonable. *See Roberts*, 448 U.S. at 74. The Court finds the government has made a good faith effort to obtain the material witness' presence at the trial and the material witness is, therefore, "unavailable" for purposes of the Sixth Amendment Confrontation Clause. *See Barber*, 390 U.S. at 724-25.

Defendant also argues that the deposition failed to comply with Fed.R.Civ.P. 30. General Order 05-34 governs material witness testimony generally. Fed.R.Crim.P. 15 provides that deposition testimony "must be taken and filed in the same manner as a deposition in a civil action," with limited exceptions not relevant here. Fed. R. Crim. P.

---

[1] During argument on the pending motions, counsel for the government stated that later in the afternoon on the day that he had been attempting to contact counsel for the material witness, he received Defendant's objection.

- 3 -

1  15(e). Defendant, however, waived any objections to procedural defects at the time of the
2  deposition testimony. Fed.R.Civ.P. 30(c)(2) provides in relevant part: "An objection at the
3  time of the examination – whether to evidence, to a party's conduct, to the officer's
4  qualifications, to the manner of taking the deposition, or to any other aspect of the deposition
5  – must be noted on the record, but the examination still proceeds." Defendant has not
6  provided any evidence that he objected on the record at the time of the deposition, and has
7  therefore waived those objections. Moreover, Defendant failed to demonstrate that "further
8  detention [of the material witness was] necessary to prevent a failure of justice." General
9  Order 05-34 at ¶ 6. As such, Defendant's argument must fail.

10  The Court will grant the government's Motion in Limine Re: Admissibility of
11  Videotaped Witness Testimony.

13  *Defendant's Motion in Limine to Exclude the Testimony of Agent Richard Hill and Request for Daubert Hearing*

15  Defendant seeks to preclude the government's disclosed expert from testifying
16  because the August 16, 2010, Notice of Government's Expert Witness and Request for
17  Defense Expert Witness is insufficient. The applicable rule states:

> At the defendant's request the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . The summary provided under this subparagraph must describe the witnesses's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed.R.Crim.P. 16(a)(1)(G). Defendant contends that the Notice does not provide an adequate
written summary, does not provide the opinions of the expert or the bases and reasons of
those opinions, and does not provide the qualifications of the expert. However, "a violation
of Rule 16 does not itself require reversal, or even exclusion of the affected testimony." *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

- 4 -

The government's Notice lists Immigration and Customs Enforcement Special Agent Richard Hill as an expert witness. Regarding the expected testimony of the agent, the Notice states the following:

> . . . If called, he will testify about the way alien smuggling organizations work, the structure of alien smuggling organizations, the hierarchy of alien smuggling organizations and the leadership in alien smuggling organizations, the manner in which payment is made for the transportation/harboring of illegal aliens, and the way illegal aliens are moved within the United States.

Notice, pp. 1-2. Other than the areas of testimony, the Notice does not provide any information about what the agent will testify to, nor what these opinions are based on. Nor does the Notice provide any information regarding Agent Hill's qualifications to testify regarding the matters listed. After the Court invited counsel for the government to provide further detail, counsel informed the Court that he expected to use Agent Hill as a "blind expert" as to his general knowledge, training, and expertise regarding alien smuggling organizations or operations. Counsel further stated that Agent Hill would talk about his training and experience with the organizations, dealing with a range of situations from conspiracy to the bottom person in an organization; counsel indicated that Agent Hill will be able to illustrate to the jury how smaller organizations attempt to go to a checkpoint, receive payment, operate homes to hold illegal aliens, and transport illegal aliens.

The Federal Rules of Evidence provide when expert testimony may be appropriate:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d. 469 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999); *Elsayed Mukhtar v. California State University,*

- 5 -

1 *Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), *amended en banc* at 319 F.3d at 1073 (9th Cir. 2003). A trial court's gatekeeper duty requires two separate inquires: the witness must be qualified to offer the opinions he or she is espousing and the proponent of the witness bears the burden of proving that its witness' opinions are both relevant and reliable. *Kuhmo Tire*, 526 U.S. at 141, 152. In *United States v. Mejia-Luna*, 562 F.3d 1215 (9th Cir. 2009), the court summarized the expert testimony given by the expert:

> Agent Hill explained how alien smuggling operations typically operate, the division of responsibility among numerous actors, the methods used, and the manner and method of payment. The testimony assisted the jury in understanding alien smuggling schemes, their operational framework, and Mejia-Luna's particular role as a "load" driver in the operation.

562 F.3d at 1219. The information provided by government counsel in this case provides a comparable summary and provides opinions of the expert or the bases and reasons of those opinions. Moreover, the Ninth Circuit has held that a trial court may make a determination as to a proposed expert's qualifications, the relevance of the testimony, and the reliability of the testimony without a hearing. *United States v. Alatorre*, 222 F.3d 1098, 1101-02 (9th Cir. 2000). The Court notes that Agent Hill has qualified to testify as an expert in at least one other case. *See Mejia-Luna*. The Court makes a preliminary determination that Agent Hill is qualified as a expert to testify regarding alien smuggling organizations and that such testimony is reliable.[2]

As to whether the proposed expert testimony is relevant, such testimony is similar to drug courier evidence. Just as drug courier profile evidence is not generally admissible of substantive evidence of guilty, *see e.g., United States v. Murillo*, 255 F.3d 1169, 1176 (9th Cir. 2001), *overruled on other grounds*, general alien smuggling evidence is not admissible.[3]

---

[2] Upon presentation of the expert's qualifications and/or testimony, the trial court may reconsider this determination.

[3] In *Murillo*, the agent limited his testimony to the modus operandi of drug couriers and did not discuss the various roles individuals may play in a hypothetical drug trafficking organization and did not imply that Murillo participated in a large-scale operation.

- 6 -

However, where there is evidence of a defendant's involvement with a smuggling operation, expert testimony regarding how the operations typically operated, the division of responsibility, the methods used, and manner of payment may be admissible. *See United States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir. 2009); *see also United States v. Lopez-Martinez*, 543 F.3d 509 (9th Cir. 2008). The Ninth Circuit has found the following evidence to be sufficient to permit expert testimony regarding alien smuggling operations:

> Mejia-Luna's argument that there was no evidence connecting him to a smuggling operation lacks merit. There was substantial evidence supporting his involvement. He picked up the aliens in his white SUV at the drop point where the guides had told them to wait for a white vehicle. He arrived shortly after the drop-off in a vehicle that matched the guides' description. Without saying a word to any of them, Mejia-Luna allowed the aliens to enter his vehicle and conceal themselves, and he then drove them toward Phoenix-the aliens' destination and the location where payment was to be made at the end of the smuggling route.

*Mejia-Luna*, 562 F.3d at 1219. In this case, the deposition testimony of the material witness indicates that the persons she made arrangements with took her to a house. Deposition of Gloria Gonzalez-Ramirez, p. 26. When the material witness asked the lady of the house if she was going to "take" the material witness, the lady told her that "they were going to send a man uh- uh- to take [the material witness]." *Id*., at 28. Subsequently a man, identified as Defendant, did show up and the lady of the house told her to get in his car. *Id*., at 28-29. The man did not talk to the material witness until they approached the checkpoint. *Id*., at 29, 32-33. It appears that Defendant attempted to instruct the material witness regarding what to say at the checkpoint. *Id*., at 33. In other words, the material witness had made arrangements to be taken to Phoenix, *id*., at 31, the material witness had been left at a home, the lady of the home had told the material witness that someone would be sent to "take" her, the material witness was told to get into a car driven by Defendant, Defendant appears to have instructed the material witness what to say at the checkpoint, and Defendant drove the material witness to the checkpoint.

The Court finds that there is sufficient evidence in this case establishing a connection between Defendant and an alien-smuggling operation to permit expert testimony regarding

- 7 -

alien-smuggling operations. Further, the operations of alien-smuggling organizations are a matter not normally known by the average jury and expert testimony regarding the subject will assist the jury. However, as indicated by government counsel during argument, any operation at issue in this case appears to be a smaller organization. The Court finds it appropriate, therefore, to limit the expert's testimony to smaller organizations; i.e., the Court finds there is not basis to admit expert testimony regarding larger and/or international organizations. Moreover, just as the expert in *Murillo* did not imply Murillo participated in a large-scale organization, the "blind expert" in this case shall not imply that Defendant participated in a large-scale organization.

Accordingly, IT IS ORDERED:

1. The government's Motion in Limine Re: Admissibility of Videotaped Witness Testimony (Doc. 29) is GRANTED.

2. The Defendant's Motion in Limine to Exclude the Testimony of Agent Richard Hill and Request for Daubert Hearing (Doc. 33) is DENIED subject to establishing the qualifications and reliability of the expert/expert testimony at trial.

3. The expert's testimony is limited to smaller alien smuggling operations; the expert shall not testify regarding larger and/or international alien smuggling operations. Moreover, the expert shall not imply that Defendant participated in a large-scale organization.

DATED this 24th day of September, 2010.

_____
Cindy K. Jorgenson
United States District Judge